UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TKACH VYACHESLAV and EKATERINA BALAKIREVA, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>THE SCHUTZER GROUP, PLLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:<br><br><u>CIVIL ACTION</u><br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1.      Plaintiffs on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their attorneys, allege that Defendants, THE SCHUTZER GROUP, PLLC ("SCHUTZER GROUP") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the Defendant maintains a location in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiffs are natural persons, residents of New York, New York and each is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. SCHUTZER GROUP maintains a location at 330 Seventh Avenue, 19th Floor, New York, New York 10001.

7. Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiffs' claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of themselves and all New York consumers and their successors in interest (the

"Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent initial letters and/or notices from SCHUTZER GROUP, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New York who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii. Whether Plaintiffs and the Class have been injured by the Defendants' conduct;

       iii.       Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

       iv.       Whether Plaintiffs and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiffs' claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation</u>: Plaintiffs have no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiffs will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

13. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate no unusual difficulties in the management of this class action.

14. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. Each Plaintiff was at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. At some time prior to February 17, 2023, Plaintiffs allegedly incurred a financial obligation to 931-955 CONEY ISLAND LLC ("CONEY ISLAND LLC").

18. The CONEY ISLAND LLC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. Plaintiffs incurred the CONEY ISLAND LLC obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

20. The CONEY ISLAND LLC obligation did not arise out of a transaction that was for non-personal use.

21. The CONEY ISLAND LLC obligation did not arise out of a transaction that was for business use.

22. The CONEY ISLAND LLC obligation was incurred by Plaintiffs in connection with a residential lease.

23. The CONEY ISLAND LLC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CONEY ISLAND LLC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or before February 17, 2023, CONEY ISLAND LLC directly or through an agent, referred the CONEY ISLAND LLC obligation to Defendant for the purpose of collections.

26. At the time the CONEY ISLAND LLC obligation was referred to the Defendants, the CONEY ISLAND LLC obligation was in default.

27. Defendants caused to be delivered to Plaintiffs a letter dated February 17, 2023, regarding the CONEY ISLAND LLC obligation.  See **Exhibit A,** which is fully incorporated herein by reference.

28. The February 17, 2023 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The February 17, 2023 letter was Defendant's initial written communication to Plaintiffs.

30. Upon receipt, Plaintiffs read and relied on the statements and representations in the February 17, 2023 letter.

31. The February 17, 2023 letter stated, in part, the following:

**NOTICE OF DEFAULT**

Re: 931-955 Coney Island LLC v. Tkach Vyacheslav and  Ekaterina Balakireva
Property Address: Apt#109, 955 Coney Island Ave, Brooklyn, NY
Amount Due: $16,382.82

Dear Tkach Vyacheslav and Ekaterina Balakireva,

Our client, 931-955 Coney Island LLC, has forwarded the above matter to this Law Firm for litigation.

You are in default of the above referenced lease. We ask that you direct all correspondence, verbal communications, and payments to this firm.

If not resolved, we may prepare a Summons and Complaint with regard to the above. If you are served with court papers, our client may seek to recover additional amounts, including (but not limited to) court costs, interest and attorneys' fees.

You may avoid further collection efforts by sending a check or money order, for the full amount set forth above, payable to The Schutzer Group, PLLC, as Attorneys, in the  enclosed envelope.

See the reverse side of this letter for important information about your legal rights.

This is an attempt to collect a debt, by a debt collector, and any information obtained will be used for that purpose.

                                              Very truly yours,

                                              Eric P. Schutzer, Esq.
                                              For The Schutzer Group, PLLC

32. On the reverse side of the February 17, 2023 letter, it stated, in part, the following:

YOUR LEGAL RIGHTS

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such verification or judgment. If you request in writing, within thirty (30) days from receiving this notice, our office will provide you with the name and address of the original creditor, if different from the current creditor.

33. Pursuant to 15 U.S.C. § 1692l(d) of the FDCPA, "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

34. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

35. Regulation F established a Model Form initial collection letter which if used properly by a debt collector would satisfy regulatory compliance with 12 CFR § 1006.34(d)(2)(i).

36. While use of the Model Form initial collection letter might be sufficient to provide the information required by 12 CFR § 1006.34, it does not guarantee compliance with the requirements of 15 U.S.C. § 1692g or any other section of the FDCPA.

37. As a result, just because a debt collector uses the Model Form initial collection letter that purports to comply with 12 CFR § 1006.34, it does not mean that a debt collector has complied with provisions of the FDCPA.

38. Moreover, even if use of the Model Form initial collection letter might provide a safe harbor for some of section 1692g's statutory requirements, a safe harbor for the form of provided information is different from a safe harbor for the substance of that information.

39. Thus, use of the Model Form initial collection letter only provides coverage for regulatory compliance (with the CFPB) and not statutory compliance. See 12 CFR § 1006.34(d)(2)(i).

40. While a debt collector does not have to use the Model Form initial collection letter, it still is required to provide the consumer with the information now required by Regulation F.

41. Pursuant to Regulation F, a debt collector must disclose an itemization of the current amount of the debt (i.e., the amount of the debt as of when the validation information is provided).

42. That itemization **must** reflect the amount of the debt incurred since the itemization date that is attributable to 1) interest charged, 2) fees incurred, 3) payments made, and 4) credits.

43. A debt collector **must** include fields in the notice for all four of these items when providing the validation information, even if no additional amounts have accrued since the itemization date.

44. For each of the four items, a debt collector **must** not leave the amount disclosure blank, but instead, **must** indicate that no amounts have been incurred since the itemization date. For example, if a consumer has not made any payments since the itemization date, a debt collector providing that consumer a written notice must still include a field for payments made in the itemization but may indicate that the value of payments made since the itemization date is "0" or "none," or may state that no payments have been assessed or applied to the debt.

45. Pursuant to Regulation F, Defendant was required to provide Plaintiffs with the specific date that the debt collector will consider the end date of the validation period during which a consumer may verify the debt. See 12 CFR 1006.34(c)(3)(i)-(iii).

46. Other than providing the name of the creditor to whom the debt is owed and the amount of the debt, Defendants' February 17, 2023 letter fails to comply with Regulation F, which became effective November 30, 2021.

47. Defendants' February 17, 2023 letter fails to include all of the additional information required by Regulation F.

48. No letter sent by the Defendants included the multiple disclosures and statements required pursuant to the rules promulgated by the CFPB (Regulation F).

49. No letter sent by the Defendants includes an itemization date of any kind or any reference to an itemization date in violation of 12 CFR § 1006.34(c)(2).

50. No letter sent by the Defendants provided any of the specific dates required under 12 CFR § 1006.34(c)(3).

51. No letter sent by the Defendants provided the necessary consumer-response information required by 12 CFR § 1006.34(c)(4).

52. No letter sent by the Defendants advised Plaintiffs of the actual date that the validation period would end on.

53. No letter sent by the Defendants provided the disclosures mandated Regulation F.

54. Defendants knew or should have known that their actions violated the FDCPA.

55. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

   a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   b) Using unfair or unconscionable means to collect or attempt to collect any debt;

   c) Overshadowing and/or contradicting Plaintiffs' rights under the FDCPA;

   d) Failing to provide Plaintiffs with notices and/or disclosures which are required by the FDCPA and Regulation F; and

   e) Failing to comply with the provisions of Regulation F.

57. Defendants have made collection attempts against at least 40 natural persons in the State of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

58. Plaintiffs, on behalf of themselves and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

60. Defendants' violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(10); §1692e(11); § 1692f; §1692g(a) et seq.; and §1692g(b).

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiffs and others similarly situated.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiffs and others similarly situated.

63. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

64. Defendant falsely represented the time period for Plaintiffs to dispute the debt, request verification of the debt or to request the name and address of the original creditor.

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA by failing to comply with Regulation F.

66. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

67. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

68. As described herein, Defendants violated 15 U.S.C. § 1692f.

69. As described herein, Defendant violated 15 U.S.C. § 1692g(a); § 1692g(a)3, § 1692g(a)(4) and § 1692g(a)(5).

70. As described herein, Defendant violated 15 U.S.C. § 1692g(b).

71. As described herein, Defendant violated provisions of Regulation F.

72. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

73. Plaintiffs and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

74. Plaintiffs and others similarly situated have a right to receive proper notices mandated by the FDCPA.

75. Plaintiffs and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiffs as Class representative and their attorneys as Class Counsel;

(b) Awarding Plaintiffs and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiffs costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiffs and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

Dated: March 14, 2023                               Respectfully submitted,

                                          By:   *s/ Joseph K. Jones*
                                                Joseph K. Jones, Esq.
                                                jkj@legaljones.com

                                                JONES, WOLF & KAPASI, LLC
                                                One Grand Central Place
                                                60 East 42nd Street, 46th Floor
                                                New York, New York 10165
                                                (646) 459-7971 telephone
                                                (646) 459-7973 facsimile

# Exhibit

# A

# THE SCHUTZER GROUP, PLLC

330 Seventh Avenue, 19th Floor
New York, NY  10001
Phone (212) 714-0700 Fax (212) 714-0703
EricSchutzer@TheSchutzerGroup.com

February 17, 2023

Via First Class Mail & Email - boris@borisnyc.com;
Tkach Vyacheslav & Ekaterina Balakireva

## NOTICE OF DEFAULT

Re:   931-955 Coney Island LLC v. Tkach Vyacheslav and Ekaterina Balakireva
Property Address:  Apt#109, 955 Coney Island Ave, Brooklyn, NY
Amount Due:   $16,382.82

Dear Tkach Vyacheslav and Ekaterina Balakireva,

Our client, 931-955 Coney Island LLC, has forwarded the above matter to this Law Firm for litigation.

You are in default of the above referenced lease. We ask that you direct all correspondence, verbal communications, and payments to this firm.

If not resolved, we may prepare a Summons and Complaint with regard to the above. If you are served with court papers, our client may seek to recover additional amounts, including (but not limited to) court costs, interest and attorneys' fees.

You may avoid further collection efforts by sending a check or money order, for the full amount set forth above, payable to The Schutzer Group, PLLC, as Attorneys, in the enclosed envelope.

See the reverse side of this letter for important information about your legal rights.

This is an attempt to collect a debt, by a debt collector, and any information obtained will be used for that purpose.

Very truly yours,

Eric P. Schutzer, Esq.
For The Schutzer Group, PLLC

# THE SCHUTZER GROUP, PLLC

330 Seventh Avenue, 19th Floor
New York, NY  10001
Phone (212) 714-0700 Fax (212) 714-0703
EricSchutzer@TheSchutzerGroup.com

YOUR LEGAL RIGHTS

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty (30) days from receiving this notice that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such verification or judgment.  If you request in writing, within thirty (30) days from receiving this notice, our office will provide you with the name and address of the original creditor, if different from the current creditor.

NYC Language Preference

New York City regulations require us to record the language preference of New York City consumers. You also can call (212) 714-0700, fax (212) 714-0703, email eschutzer@theschutzergroup.com, or write us at The Schutzer Group, PLLC, 330 Seventh Ave., 19th Floor, New York, NY 10001 to provide us with your preferred language.

Please note that The Schutzer Group, PLLC does not provide translation of any communication created or made in English into another language. In some instances, we do provide agents who can speak in Spanish and in some instances makes limited written communications in Spanish.

A translation and description of commonly-used debt collection terms is available in multiple languages on the Department's website, www.nyc.gov/dca.